STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-023

PAF - YOK - 1/27/2004

PEBBLEDENE TRUST, et al.,

Plaintiffs

v.

**ORDER**

TOWN OF YORK, et al.,

Defendants

DONALD L. GARRECHT
LAW LIBRARY

FEB 6 2004

The plaintiffs have filed an 11 count amended complaint against the Town of York and five employees of its Public Works Department resulting from hedge trimming and an alleged assault. The defendants have moved for summary judgment and both sides have presented detailed written submissions. The issues, while legally complex for a brief occurrence, can be readily resolved at the summary judgment level. As a trial is likely to be lengthy the Superior Court is willing to conduct an additional settlement conference, with either the assigned Justice or another Justice presiding, if both sides believe it would be productive to do so.

The first issue is whether Eileen Ceccanti, as the non-owner of the property, has the right to bring a number of the claims. The answer is that she does either as the possessor of the property or because she has claims that relate to her person rather than the property.

The second issue is whether the individual defendants are entitled to qualified immunity on the state, Count I, and federal, Count II, civil rights claims. The standard is the familiar one set out in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982) and referred to in such cases *Lyons v. City of Lewiston*, 666 A.2d

95, 99 (Me. 1995) and *Creamer v. Sceviour*, 652 A.2d 110, 113 (Me. 1995). The issues are whether the plaintiffs' constitutional rights were violated and whether those rights were so clearly established that reasonable defendants would have known that their specific actions violated those rights. *Harlow* at 818. A resolution of these issues depends upon what the facts are. If the plaintiffs are correct that the defendants knew that there was a boundary dispute, trespassed anyway, deliberately destroyed property and threatened and assaulted Ms. Ceccanti, then there is no qualified immunity for the individual defendants. If there was no trespass and no assault then qualified immunity, while providing protection and eliminating the need for a trial on some issues, is unnecessary as no wrongs were committed. If there was an honest dispute as to what the boundary was and any assault was done in self-defense to protect against the alleged aggressive obstructionist acts of Ms. Ceccanti,then the plaintiffs will not recover on Counts I and II.

At this point there are factual disputes which preclude the granting of summary judgment for the Town employees based on qualified immunity. The law is clear that trespass, destruction of the property of another and assault are violations of clearly established constitutional rights.

However, since there is no indication that the Town of York has established a policy that violates the Constitution, summary judgment will be granted for the Town on Counts I and II. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). Likewise, there is no failure of training which reflects an indifference to the constitutional rights of the residents of the Town. *City of Canton v. Harris.* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989).

The third issue is whether there is discretionary function immunity under 14 M.R.S.A. §8111(1)(C). While the four factors listed in *Darling v. Augusta Mental Health*

2

*Institute*, 535 A.2d 421, 426 (Me. 1987) are only guides in determining the existence of discretionary function immunity this case really involves a boundary dispute, the cutting of a hedge and apparently an agitated plaintiff and persistent defendants, some of whom were involved in a minor altercation. Discretionary function immunity is designed for cases involving policy choices and the exercise of a more profound discretion.

The final issue is whether a portion of the amended complaint must fail because the plaintiffs do not own as much land as they claim. There are two surveyors who reach different conclusions and the boundary cannot be determined now.

The parties are reminded that this case has been made more complex than it should have been. While there are significant factual disputes regarding what the boundary is, whether a trespass took place, whether an assault existed and whether civil rights liability exists, there are more counts and issues than are necessary for a fair determination by a fact finder should the case not settle. Further settlement discussions, preceded by a reexamination of the case by both sides, are recommended. If the Court can help in those discussions we would be most willing to assist.

The entry is:

Defendants' motion for summary judgment is granted in part. Judgment for the Town of York on Counts I and II of the amended complaint. Motion otherwise denied.

Dated:      January 27, 2004

John C. Bannon, Esq. - PLS
Edward R. Benjamin, Jr., Esq. - DEFS

Paul A. Fritzsche
Justice, Superior Court

3